# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI A.,[1] | Case No. 2:25-cv-862-HDV-RAO |
| Plaintiff, | |
| v. | **ORDER SUMMARILY DISMISSING FIRST AMENDED COMPLAINT** |
| FRANK BISIGNANO,[2] Commissioner of Social Security, | |
| Defendant. | |

On January 31, 2025, the Court received from Plaintiff Zuri A. ("Plaintiff"), proceeding *pro se*, a complaint seeking review of the Social Security Administration's ("SSA") decision to modify Plaintiff's supplemental security income ("SSI") benefits. Dkt. No. 1 at 3. The same day, Plaintiff applied to proceed *in forma pauperis*. Dkt. No. 3. The Court granted Plaintiff's request on February 6, 2025. Dkt. No. 6. On March 25, 2025, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. No. 7.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is hereby substituted as defendant.

## I. BACKGROUND

In his original complaint, Plaintiff states that he is legally blind and lives in a "wheelchair without legs below the knees on the streets." Dkt. No. 1 at 2. According to the original complaint, the SSA modified Plaintiff's SSI benefits without providing a proper notice of hearing. Dkt. No. 1 at 3. In turn, the change in benefits allegedly caused Plaintiff an array of emotional injuries and physiological reactions to stress. Dkt. No. 1 at 2–3. In the FAC, Plaintiff states that a Jane Doe defendant has intentionally concealed his SSI case file and "notice of due process in this case." Dkt. No. 7 at 2. The FAC alleges that these actions are defamatory and deprive him of his federal constitutional, statutory, and property rights. Dkt. No. 7 at 2. Plaintiff seeks $1,000,000.00 in damages for the alleged negligent acts by the Commissioner. Dkt. No. 7 at 1.

## II. DISCUSSION

### a. Legal Standard

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court may dismiss such a complaint, or a portion thereof, if the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc). Social Security appeals proceeding under § 1915(e) are subject to the screening requirement. *Janko v. Saul*, No. 3:20-cv-669, 2020 WL 1812224, at *2 (S.D. Cal. Apr. 9, 2020).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). When reviewing a complaint, the Court considers whether the plaintiff has stated a plausible claim and pleaded

factual allegations sufficient to reasonably infer that the defendant committed the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Merely laying out the elements of a cause of action will not suffice nor do "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A Social Security claimant may seek review in federal court of a final determination by the Commissioner. 42 U.S.C. § 405(g). Before obtaining judicial review, claimants must first exhaust administrative remedies by undergoing a four-step process that includes (1) an initial determination by the SSA of the claimant's eligibility for benefits; (2) a decision on reconsideration of the initial determination; (3) a hearing before an administrative law judge ("ALJ") and subsequent ruling; and (4) an application for review of the ALJ's decision before the Appeals Council. *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019). Only after proceeding through all four steps may a claimant properly seek judicial review pursuant to 42 U.S.C. § 405(g). *Id.* at 476; *see also Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (finding that Section 405(g)'s first requirement—a final decision from the Commissioner—is "central to the requisite grant of subject-matter jurisdiction").

    b. *Analysis*

As a threshold matter, the Court notes that the instant action is situated in a long pattern of filings by Plaintiff against the SSA and other governmental entities.[3]

---

[3] Most of Plaintiff's prior lawsuits named the SSA, the Commissioner, or other SSA employees as defendants. *See, e.g.*, *Dianne S. v. Ms. Larkins*, No. 2:97-cv-6797 (C.D. Cal. Feb. 6, 1998); *Zuri A. v. Soc. Sec. Admin.*, No. 2:99-cv-7946 (C.D. Cal. Aug. 9, 1999); *Zuri A. v. Josserand*, No. 2:99-cv-11249 (C.D. Cal. Nov. 2, 1999); *Zuri A. v. Waits*, No. 2:99-cv-11662 (C.D. Cal. Dec. 1, 1999); *Zuri A. v. Apfel*, No.

In fact, this Court has declared Plaintiff to be a vexatious litigant and therefore subject to the prefiling requirements set forth in Local Rule 83-8. *See* Final Report and Recommendation of United States Magistrate Judge, *Zuri A. v. Hous. Auth. of the City of L.A.*, No. 2:99-cv-6210 (C.D. Cal. Jan. 13, 2000), Dkt. No. 40 [hereinafter *January 2000 R&R*], *adopted by*, *Zuri A. v. Hous. Auth. of the City of L.A.*, No. 2:99-cv-6210, slip op. at 1 (C.D. Cal. Jan. 13, 2000). Because the scope of vexatious-litigant orders should be narrowly tailored, a court must apply the prefiling requirements to the type of claims that the Plaintiff has filed vexatiously. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014). Here, the Court expressly narrowed the prefiling requirement to cases brought against the Housing Authority of the City of Los Angeles and David C. Smythe. *See January 2000 R&R*, *supra*, at 7. Although Plaintiff is not subject to prefiling requirements in the instant action, the Court nevertheless incorporates Plaintiff's litigious pattern of filing when evaluating the frivolousness of the claims contained in the FAC. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007).

With respect to the instant action, the FAC lacks the sufficient factual basis required for the Court to determine whether Plaintiff has adequately exhausted his administrative remedies before the SSA. The FAC includes cursory references to withholding case files, intentionally concealing notices of due process, and other vague actions by the SSA. Dkt. No. 7 at 1–2. Without more, the Court cannot

---

2:99-cv-12839 (C.D. Cal. Dec. 13, 1999) *Zuri A. v. Banks*, No. 2:00-cv-1331 (C.D. Cal. Apr. 14, 2000); *Zuri A. v. Soc. Sec. Admin.*, No. 2:00-cv-3747 (C.D. Cal. Apr. 21, 2000); *Zuri A. v. United States*, No. 2:00-cv-5176 (C.D. Cal. May 19, 2000); *Zuri A. v. Barnhart*, No. 2:01-cv-3296 (C.D. Cal. Aug. 29, 2002); *Zuri A. v. Massanari*, No. 2:01-cv-3655 (C.D. Cal. Apr. 30, 2001); *Zuri A. v. Massanari*, No. 2:01-cv-3656 (C.D. Cal. Apr. 27, 2001); *Zuri A. v. Barnhart*, No. 2:02-cv-5274 (C.D. Cal. Aug. 8, 2002); *Zuri A. v. Barnhart*, No. 2:02-cv-6448 (C.D. Cal. Jan. 6, 2003); *Zuri A. v. Astrue*, No. 2:08-cv-2312 (C.D. Cal. Mar. 10, 2009); *Sherman M. v. Astrue*, No. 2:10-cv-2602 (C.D. Cal. Oct. 1, 2010); *Zuri A. v. Astrue*, No. 2:11-cv-1727 (C.D. Cal. Feb. 22, 2012); *Zuri A. v. Astrue*, No. 2:11-cv-5250 (C.D. Cal. Sept. 15, 2011); *Zuri A. v. Astrue*, No. 2:11-cv-9398 (C.D. Cal. Feb. 23, 2012).

conclusively determine whether it has subject-matter jurisdiction pursuant to § 405(g) to adjudicate Plaintiff's claim(s) against the SSA. Moreover, to the extent that Plaintiff alleges claims under the Federal Tort Claims Act derivative of the alleged deprivation of SSI benefits, these claims are barred by 42 U.S.C. § 405(h). *Hooker v. U.S. Dep't of Health & Hum. Servs.*, 858 F.2d 525, 530 (9th Cir. 1988).

In sum, the Court finds that the FAC fails to provide factual allegations sufficient to conclude that Plaintiff has properly presented his claims through the four-step administrative procedure before the SSA such that judicial review is permissible under 42 U.S.C. § 405(g).

For the foregoing reasons, IT IS ORDERED that this action is **DISMISSED** without prejudice, and judgment shall be entered accordingly.

DATED: 8/6/25

HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE